UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WESLIE MARTIN,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:21-cv-00365-ART-CSD<br><br>ORDER ON MOTION FOR RECONSIDERATION<br><br>[ECF No. 41] |

## I.    INTRODUCTION

Plaintiff Denzel Martin ("Plaintiff"), Special Administrator for the Estate of Weslie Martin ("Weslie"), through counsel, files a motion for reconsideration. (ECF No. 41.) In his motion, Plaintiff requests that the Court reconsider the dismissal of the First Amendment retaliation claim in Claim 1 of the Second Amended Complaint ("SAC"). (*Id.* at 3.) Plaintiff contends that Defendant Wheeler committed retaliation when he filed false notice of charges against Weslie because Weslie verbally complained about not having access to adequate showers. (*Id.*) Upon consideration, the Court agrees with Plaintiff and grants his motion.

## II.    DISCUSSION

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands,*

*Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Considering the motion, the response and reply, and reviewing the SAC, the Court grants Plaintiff's motion for reconsideration. (ECF No. 41.) In their filings, the parties dispute whether Weslie's verbal complaints to Wheeler about having inadequate showers constitute protected conduct under the First Amendment. (ECF No. 41 at 3–4; ECF No. 42 at 3–4.) However, the parties do not cite applicable caselaw that definitively shows, one way or the other, whether Weslie's complaints do in fact constitute protected conduct. The Court also could not find cases that would conclusively settle this issue, but the caselaw does seem to imply that making verbal complaints in the prison context can be protected conduct under the First Amendment. *See Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) (stating that an inmate engages in protected First Amendment conduct when he threatens to initiate litigation whether verbally or written).

Therefore, the Court finds that for screening purposes, Weslie stated a colorable First Amendment retaliation claim against Defendant Wheeler when Wheeler filed false notice of charges against him for complaining about the prison showers. The First Amendment retaliation claim in Claim 1 will proceed against Defendant Wheeler.

Finally, Defendants argue in their response brief that Weslie did not state a colorable retaliation claim because he could not "draw a causal link, or even a reasonable inference, between those allegedly false notice of charges and any protected conduct." (ECF No. 42 at 4.) The Court disagrees with this analysis and construes all allegations in the SAC in the light most favorable to Weslie and

holds his allegations to a less stringent standard because it was drafted without the help of counsel. *Warsaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Plaintiff's allegations are sufficient to state a colorable retaliation claim at the screening stage.

### III. CONCLUSION

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 41) is granted.

It is further ordered that the First Amendment retaliation claim (Claim 1) against Defendant Wheeler will proceed.

It is further order that, under the screening order (ECF No. 13), the First Amendment retaliation claim (Claim 2) will proceed against Defendant Reubart.

It is further ordered that the screening order (ECF No. 13) and scheduling order (ECF No. 38) remain in full force and effect.

DATED THIS 23rd day of April 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE