AARON D. FORD
 Attorney General
JAMIE S. HENDRICKSON (Bar No. 12770)
 Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4717
(775) 684-1234 (phone)
(775) 684-1108 (fax)
Email: jhendrickson@ag.nv.gov

*Attorneys for Defendants*
*William Reubart and Daniel Wheeler*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WESLIE MARTIN,<br><br>                    Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, *et al.*,<br><br>                    Defendants. | Case No. 3:21-cv-00365-ART-CSD<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

The parties to this proposed Stipulated Confidentiality Agreement and Protective (Order) Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    **Scope**. All materials produced or adduced from the parties or non-parties in the course of discovery, including initial disclosures, responses to discovery requests, responses to subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the local rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and the calculation of time periods.

2.    **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party, after the entry of this Order. Information designed as "Confidential Information" by the producing party must be information that the producing party believes, in good faith, would

cause injury or harm to an identifiable individual or entity if disclosed publicly, including, without limitation, confidential information, private financial information, private medical information, personal identification or employment records.

**3.    Designation**

(a)    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked.

(b)    **Limited Third-Party Disclosures of Information Marked "CONFIDENTIAL."** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information marked "CONFIDENTIAL" to any third person or entity except as set forth below in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Information marked "CONFIDENTIAL":

(1)    **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

(2)    **Parties**. Individual parties and employees of a party but only to the extent receiving counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)    **The Court and its personnel**;

///

(4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)    Access by other persons**. The information produced in response to this Protective Order shall not be used for any litigation other than the matter in which it is produced. Its confidentiality shall be maintained in a manner such that Plaintiff and/or any other attorney cannot use it in any of Plaintiff's current or future litigation, it can only be used in connection with 3:21-cv-00365-ART-CSD. It shall not be shared with any other counsel than the parties to the Stipulation and Protective Order.

**(d)    Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**5.    Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

///

(a)    **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule IA 10-5 of the Local Rules of Practice for the United States District Court, District of Nevada.  Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

(b)    **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from disclosure on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

(c)    **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(1)    **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the

designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) judicial days.

**(2)** **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**(3)** **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in response to the subpoena duces-tecum.

**(4)** **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such

orders as are necessary to govern the use of such documents or information at trial.

**6.    Produced in Other Litigation**.

**(a)**    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)**    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)**    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**7.    Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

///

8. **Conclusion of Litigation**. This Order terminates upon dismissal or entry of final judgment not subject to further appeal.

9. **No Effect on Rendering Legal Advice**. Nothing in this Order shall bar or otherwise prevent any attorney herein from (1) rendering advice to his or her client with respect to this litigation and in the course thereof, from relying upon his or her examination or knowledge of Confidential Information and any information derived therefrom, or (2) providing his or her client information about the type of information designated as Confidential Information in order to provide legal advice regarding the designation and whether to challenge the same; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not provide or show copies of the Confidential Information produced by another party or party herein to any person who is not authorized to receive such information under the provisions of this Order.

10. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

///
///
///
///
///
///
///
///
///
///
///
///
///

11. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

DATED October 16, 2025.

DATED October 16, 2025.

AARON D. FORD
Attorney General

TRAVIS N. BARRICK, PC

*/s/ Jamie S. Hendrickson*
AARON D. FORD
Attorney General
JAMIE S. HENDRICKSON (Bar No. 12770)
Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
(775) 684-1234 (phone)
(775) 684-1108 (fax)
Email: jhendrickson@ag.nv.gov
*Attorneys for Defendants*

*/s/ Travis N. Barrick*
TRAVIS N. BARRICK (Bar No. 9257)
730 Las Vegas Blvd. S., Ste. 104
Las Vegas, Nevada 89101
Telephone: (702) 892-3500
Facsimile: (702) 386-1946
Email: tbarrick@vegascase.com
*Attorneys for Denzel Hosea Martin,*
*Special Administrator of the Estate of*
*Weslie Hosea Martin*

DATED October 16, 2025.

LAWRENCE & LAWRENCE LAW, PLLC

*/s/ Nathan E. Lawrence*
NATHAN E. LAWRENCE (Bar No. 15060)
JOSEPH P. LAWRENCE (Bar No. 16726)
9480 S. Eastern Ave., Ste. 213
Las Vegas, Nevada 89123
Telephone: (702) 534-6556
Facsimile: (702) 602-5168
Email: nathan@law2esq.com
        joseph@law2esq.com
*Attorneys for Denzel Hosea Martin,*
*Special Administrator of the Estate of Weslie*
*Hosea Martin*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATE: October 17, 2025

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have read in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") that was issued by the United States District Court, District of Nevada on _____, 2025, in the case of *Martin v. The State of Nevada, et al.*, Case No. 3:21-cv-00365-ART-CSD. I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order that any person entity except in strict compliance with the provisions of this Order. Further, I solemnly promise that I will not offer to sell, advertise or publicize that I have obtained any Protected Material subject to this Protective Order.

At the conclusion of this matter, I will return all Protected Material which came into my possession to counsel for the party from whom I received the Protected Material, or I will destroy those materials. I understand that any Confidential Information contained within any summaries of Protected Material shall remain protected pursuant to the terms of this Order.

I further agree to submit to the jurisdiction of the United States District Court, District of Nevada for the purpose of enforcing the terms of this Protective Order during the pendency of this action.

I certify under the penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where signed: _____

Printed name: _____

Address: _____

# EXHIBIT A

Acknowledgment and Agreement

To be Bound by

Stipulated Protective Order

# EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have read in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") that was issued by the United States District Court, District of Nevada on _____, 2025, in the case of *Martin v. The State of Nevada, et al.*, Case No. 3:21-cv-00365-ART-CSD. I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order that any person entity except in strict compliance with the provisions of this Order. Further, I solemnly promise that I will not offer to sell, advertise or publicize that I have obtained any Protected Material subject to this Protective Order.

At the conclusion of this matter, I will return all Protected Material which came into my possession to counsel for the party from whom I received the Protected Material, or I will destroy those materials. I understand that any Confidential Information contained within any summaries of Protected Material shall remain protected pursuant to the terms of this Order.

I further agree to submit to the jurisdiction of the United States District Court, District of Nevada for the purpose of enforcing the terms of this Protective Order during the pendency of this action.

I certify under the penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where signed: _____

Printed name: _____

Address: _____